UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-395-F

ONYEDIKA C. NWAEBUBE,          )
                  Plaintiff,   )
                               )
    v.                         )         O R D E R
                               )
EMPLOYMENT SECURITY            )
COMMISSION OF NORTH CAROLINA,  )
                  Defendant.   )

This matter is before the court on the Magistrate Judge's Memorandum and Recommendation ("M&R") [DE-38], filed May 13, 2011. Therein, United States Magistrate Judge Robert B. Jones recommended that Defendant's Motion for Summary Judgment [DE-22] be denied. Defendant Employment Security Commission of North Carolina ("Defendant") has filed an objection to the M&R, and Plaintiff Onyedika C. Nwaebube ("Plaintiff") has filed a response thereto. This matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Plaintiff initially filed his complaint in Wake County Superior Court on August 10, 2009 alleging that Defendant failed to promote him because of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. [DE-1.1], Comp. ¶35. On September 3, 2009, Defendant removed this action to federal district court. Subsequently, on September 8, 2009, Defendant filed its Answer [DE-5] denying the allegations and raising several affirmative defenses. On November 12, 2010, Defendant moved for summary judgment [DE-22]. Plaintiff, on December 3, 2010, filed a Response [DE-24] in opposition to Defendant's

motion. Pursuant to the court's directive, on January 21, 2011, Defendant filed a Reply [DE-31] to which Plaintiff was permitted to file a Surreply [DE-32] on January 28, 2011.

On May 13, 2011, Judge Jones issued the M&R [DE-38] recommending that Defendant's Motion for Summary Judgment [DE-22] be denied. Judge Jones' recommendation to deny Defendant's motion is predicated on his finding that there is a genuine factual dispute as to whether the proffered reason for Plaintiff's non-selection for the operations analyst position ("position") was based upon his race and national origin. [DE-38], p. 28. Defendant objects to Judge Jones' recommendation as well as some of the findings in the M&R.

## II. STANDARD OF REVIEW

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

At issue in this case is Defendant's Motion for Summary Judgment [DE-22]. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then

2

must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

## III. ANALYSIS

Defendant, on May 27, 2011, filed an objection to Judge Jones' M&R. Therein, Defendant has objected to the following findings: (1) Decision not to hire from the initial pool of applicants but instead to repost the operations analyst position constitutes an adverse employment action and (2) Inconsistency between Carlson's statement and Parker's deposition testimony regarding the rationale for the reposting of the position is sufficient evidence of falsity for a jury to conclude that discrimination may have been involved. These findings will be addressed in turn.

### A. Reposting of Position Sufficient to Constitute Adverse Employment Action

First, Defendant objects to Judge Jones' finding that the decision not to hire from the initial pool of applicants but instead to repost the position was an adverse employment action. Defendant claims that the decision to repost the position was an intermediate step in the selection process and was not the ultimate employment decision that resulted in Plaintiff being denied a promotion. Moreover, Defendant argues that at the time the decision was made to repost the position, no evidence was present on the record which would support a conclusion that Plaintiff would have been promoted had the position not been reposted. It was only after the selection process was completed that Laura Parker ("Parker") submitted the September 2008 memo, to her supervisor, Kevin Carlson ("Carlson") that showed that Plaintiff was found to be the second

3

choice for the job behind Larry Cuthbertson ("Cuthbertson"), who was hired for the position. Defendant, therefore, argues that Judge Jones erred by considering the ultimate outcome of the reposting decision in determining whether it was an adverse action, and ultimately finding that the decision to repost the position was a cognizable adverse employment action. Plaintiff counters by arguing that because Cuthbertson was not eligible to apply for the position when it was initially posted, and because it is reasonable to infer that Plaintiff would have been selected for the position had the position not be re-advertised, the decision to repost was an adverse employment action.

An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment. *James v. Booz-Allen & Hamilton*, 368 F.3d 371, 375 (4th Cir. 2004). Conduct short of ultimate employment decisions can constitute adverse employment action. *Id.* at 375-76. Whether an adverse employment action has occurred is dependent on whether there was a change in the terms or conditions of the employee's employment which had a "significant detrimental effect" on that employee's opportunities for promotion or professional development. *See id.* at 376. In fact, adverse employment actions include decisions that affect an employee's "chances for promotion." *See Fortner v. Kansas*, 934 F. Supp. 1252, 1267 (D. Kan. 1996).

At the time in which the decision was made to repost the position, the only assessment Defendant made of the applicants vying for the position was that they were all "highly qualified." [DE-5], Ans. ¶ 13. Defendant determined that Plaintiff would be its second choice behind Cuthbertson for the position, but only after Parker and the other panel members conducted interviews and individually assessed each applicant. [DE-23.9], Ex. 45. Regardless of the assessment and when it was finalized, the crucial fact remains that the decision to repost

4

the position, which allowed other candidates, namely Cuthbertson, to apply and ultimately obtain

the position, adversely affected Plaintiff's "chances for promotion." *See Fortner,* 934 F. Supp. at

1267. Therefore, the court agrees with Judge Jones' finding that the decision by Defendant not

to hire from the initial pool of applicants but instead to repost the operations analyst position was

sufficient to constitute an adverse employment action.

Furthermore, Defendant objects to Judge Jones' finding that Cuthbertson's name was

added to the register of candidates in consideration for the reposted position without the requisite

verification of the minimum educational requirements. Defendant appears to claim that the

deposition testimony of Renee Williams ("Williams"), a personnel analyst in the Human

Resources department, in which she explained that Cuthbertson's name should not have appear

on the register as his educational credentials had not yet been verified, was merely based on an

assumption of what may have happened. However, the court has not been presented with any

evidence that contradicts Williams' deposition testimony which unequivocally claimed that

Cuthbertson's educational credentials had not yet been verified by Defendant as of the time

Cuthbertson's name was added to the register on May 2, 2008. Without any evidence to the

contrary, the court finds no error in Judge Jones' reliance on Williams' deposition testimony.

## B. Sufficient Evidence of Discrimination to Demonstrate Genuine Issue of Material Fact

Defendant also objects to Judge Jones' finding that the inconsistency between Carlson's

statement and Parker's deposition testimony regarding the rationale for reposting the position

constitutes sufficient evidence of falsity for a reasonable jury to conclude that discrimination was

involved. Based on this finding, Judge Jones recommended that Defendant's Motion for

Summary Judgment [DE-22] be denied. Defendant contends that the statements provided by

Carlson and Parker are consistent and not mutually exclusive. Defendant now also claims that

Carlson, out of the desire to avoid insulting the applicants, told them, including Plaintiff, that the position was being reposted because of the moratorium, BEACON and RJM rather than telling the applicants that the department was looking for candidates who had prior experience. Defendant further notes that, on July 14, 2008, Carlson informed Plaintiff that the position had been reposted to seek the best qualified candidate by expanding the applicant pool.

In response, Plaintiff argues that Defendant continues to provide varying explanations as to why the position was reposted. Plaintiff notes that Defendant had not previously made any mention of the BEACON program as a justification as to why the position was reposted prior to filing its Reply [DE-31] to Plaintiff's Response [DE-22] in opposition to the Motion for Summary Judgment. Plaintiff contends that now Defendant has provided yet another explanation as to why the position had been reposted, namely, that Carlson did not want to insult the applicants by telling them that the department wanted to expand the applicant pool in order to find a more experienced candidate for the position.

Upon careful consideration, the court overrules Defendant's objection. The court agrees with Judge Jones that the rationale provided by Carlson as to why the position was reposted conflicts with the reasoning offered by Parker. Furthermore, Defendant, now, provides another explanation as to why the position was reposted, this time stating that Carlson made a managerial decision not to tell the applicants that the position was being reposted to expand the applicant pool out of a desire to avoid potential insult to the applicants. The court certainly sees inconsistency in light of these varying rationales. Here, Defendant has failed to set forth "abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148. As such, in accord with Judge Jones' assessment, Plaintiff has demonstrated that a genuine factual dispute exists as to whether the

6

proffered reason for Plaintiff's non-selection for the position was false. Accordingly, the court finds no error in Judge Jones' assessment.

## III. CONCLUSION

After an independent and thorough review of the Magistrate Judge's M&R, all objections thereto, and a review of the record, the court concludes that the M&R is correct and in accordance with the law. Therefore, the court ADOPTS the M&R [DE-38] as its own. Consequently, Defendant's Motion for Summary Judgment [DE-22][1] is DENIED.

SO ORDERED.

This the 13th day of September, 2011.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] Defendant initially filed the motion for summary judgment and supporting documentations as one docket entry [DE-21]. Defendant subsequently refiled the motion for summary judgment as a separate entry from the memorandum of law and supporting exhibits [DE-22; DE-23]. Therefore, the court adopts the recommendation in the M&R that the original motion [DE-21] be DENIED AS MOOT as it is duplicative of the subsequent filing.

7