UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-395-F

| | |
|---|---|
| ONYEDIKA C. NWAEBUBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| EMPLOYMENT SECURITY ) | |
| COMMISSION OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion for Attorney's Fees [DE-87] filed by Defendant Employment Security Commission of North Carolina ("ESC") against Plaintiff Onyedika C. Nwaebube ("Nwaebube"). Nwaebube has filed a Response in Opposition [DE-91]. This matter is now ripe for disposition.

## I. RELEVANT PROCEDURAL HISTORY

This action arises out of a complaint filed on August 10, 2009, by Nwaebube against ESC in Wake County Superior Court, in Raleigh, North Carolina. ESC removed this action to federal court on September 3, 2009. In the complaint, Nwaebube alleged that ESC failed to promote him because of his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). See [DE-1.1], Compl. ¶ 35. On September 8, 2009, ESC filed its Answer [DE-5] generally denying the allegations and raising several affirmative defenses. On November 12, 2010, ESC filed its Motion for Summary Judgment [DE-22].

On May 13, 2011, United States Magistrate Judge Robert B. Jones issued an Memorandum and Recommendation ("M&R") [DE-38] in which he recommended that ESC's Motion for Summary Judgment [DE-22] be denied. Judge Jones' recommendation was predicated on his finding that there was a genuine factual dispute as to whether the proffered reason for Nwaebube's non-selection for the operations analyst position was based upon his race and/or national origin. [DE-38], p. 28. The court, on September 13, 2011, adopted Judge Jones' M&R after consideration of the Objection [DE-39] filed by ESC and the corresponding Response [DE-52] submitted by Nwaebube. The trial for this case commenced on October 5, 2011. After four and one-half days, the jury rendered a verdict for ESC finding that race and/or national origin did not play a part in ESC's decision not to promote Nwaebube. In the instant motion filed October 25, 2011, ESC has moved for attorney's fees claiming that Nwaebube's suit was "meritless" and "groundless" and pursued in "bad faith." *See* [DE-87], Mot. for Atty's Fees, p. 1.

## II. DISCUSSION

Under the so-called "American Rule," a prevailing litigant is ordinarily not entitled to collect attorney's fees from the losing party; therefore, federal litigants typically must pay their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. The Wilderness Society*, 421 U.S. 240, 245-47 (1975). Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." *Id.* at 260. Specifically, in a Title VII action, the court, in its discretion, may allow the prevailing party reasonable attorney's fees. 42. U.S.C. § 2000e-5(k). Attorney's fees to a prevailing defendant in a Title VII case may be awarded by a district court upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421

2

(1978). In making this determination, the court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. Since the results of many lawsuits are not predictable, plaintiffs are not to be discouraged from bringing suit just because it is less than airtight. *Id.* at 422. Assessing attorney's fees against plaintiffs "simply because they do not finally prevail would substantially add to the risks inher[ent] in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id.*

Moreover, an award of attorney's fees should be issued "based upon the reasonableness of the claims as they existed at the time of trial." *See Glymph v. Spartanburg Gen. Hospital*, 783 F.2d 476, 479 (4th Cir. 1986). While it is true that a denial of summary judgment or motion for directed verdict does not preclude an award of attorney's fees, it is a factor that may be taken into consideration when determining if an award of fees is appropriate. *See id.* at 479-80; *see also Introcaso v. Cunningham*, 857 F.2d 965, 968 (4th Cir. 1988). However, the assessment of attorney's fees against an unsuccessful plaintiff is a "conservative tool, to be used sparingly in those cases which the plaintiff presses a claim which he knew or should have known was groundless, frivolous[,] or unreasonable." *Arnold v. Burger King Corp.*, 719 F.2d 63, 65 (4th Cir. 1983), *cert. denied*, 469 U.S. 826 (1984).

Here, the essence of ESC's argument for attorney's fees is that Nwaebube failed to provide any evidence at trial that his civil rights had been violated. ESC characterizes Nwaebube's suit as "reckless and feckless" and as a "personal animus" against its management. *See* [DE-88], p. 1. ESC further contends that it has expended an amount in excess of sixty-five thousand dollars ($65,000.00)

to defend this case, but requests only a "modest" fee of twenty-seven hundred dollars ($2,700.00) to serve as a deterrent against more bad faith litigation. *See* [DE 88-1], p. 1. Nwaebube counters by highlighting the fact that this court denied ESC's Motion for Summary Judgment, and Motion for Directed Verdict, and Renewed Motion for Directed Verdict. *See* [DE-91], p. 2-3. Furthermore, Nwaebube argues that the evidence at trial showed examples of how he was treated differently based on his race and/or national origin and displayed the inconsistency in ESC's rationale in reposting the promotional position. *See* [DE-91], p. 3-4. Nwaebube also notes that the evidence presented during trial was sufficient the jury to initially inform the court that they were unable to reach a unanimous verdict, illustrating that Nwaebube's claims were not without merit. *See* [DE-91], p. 4.

Upon careful consideration, the court finds that sufficient evidence was presented at trial to nudge this case above the threshold of being labeled as "frivolous, unreasonable, or without foundation." At trial, Nwaebube called as witnesses three African-American co-workers, who testified, based on their past observations and experiences, that they believed that race and/or national origin played a part in promotional decisions at the ESC. Moreover, Nwaebube stated, during his testimony, that he applied for twenty one (21) total promotional positions during his lengthy tenure at ESC, but was denied to every single opportunity. Nwaebube also personally testified as to various incidents which purported to evidence discrimination based on race and/or national origin. Furthermore, the jury, upon deliberation, initially advised the court that it was unable to reach an unanimous verdict; only upon further deliberation was the jury able to reach a unanimous verdict. Lastly, the court notes that it denied ESC's Motion for Summary Judgment as Nwaebube had demonstrated that a genuine factual dispute existed as to whether the proffered reason

for his non-selection for the promotional position was false and predicated on race and/or national origin.

The court does, however, concede that the evidence presented by Nwaebube at trial was not necessarily compelling nor strong. The court certainly sympathizes with ESC's desire to prevent any future bad faith litigation through the award of "modest" attorney's fees. However, the court also has to counterbalance the need to preserve the path for future plaintiffs to bring Title VII claims without the fear of being imposed attorney's fees for having a case that is less than "airtight." The court is in full recognition of the fine line it must walk in rendering a decision that is consistent with upholding both of these competing principles. Upon careful analysis, the court finds that the evidence presented by Nwaebube was sufficient for this case to escape being classified as "frivolous, unreasonable, or without foundation" and therefore finds that the award of attorney's fees is not appropriate.

### III. CONCLUSION

Based on the aforementioned rationale, ESC's Motion for Attorney's Fees [DE-87] is **DENIED**.

SO ORDERED.

This the 19th day of December, 2011.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge

5

Case 5:09-cv-00395-F   Document 93   Filed 12/19/11   Page 5 of 5