IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-395-F

| | |
|---|---|
| Onyedika C. Nwaebube, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER ON DEFENDANT'S** |
| | ) **APPLICATION FOR COSTS** |
| Employment Security Commission of North Carolina, | ) |
| | ) |
| Defendant. | ) |

On October 12, 2011, a jury returned a verdict in favor of defendant Employment Security Commission of North Carolina ("defendant"), and the court entered judgment for defendant [D.E. 83, 85]. Thereafter, defendant filed a bill of costs as the prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure [D.E. 90]. Defendant requests a total of One Thousand Three Hundred Fifty Dollars and 99/100 ($1,350.99) to be taxed against plaintiff Onyedika C. Nwaebube ("plaintiff"). Plaintiff filed a response in opposition [D.E. 92]. The matter is ripe for determination.

First, defendant seeks reimbursement in the amount of Three Hundred Fifty Dollars ($350.00) for the filing fee associated with removing this action to this court. Title 28 U.S.C. §1920(1) provides that the fees of the clerk may be taxed as costs. Therefore, defendant's request for costs in the amount of Three Hundred Fifty Dollars ($350.00) for the filing fee is allowed.

Next, defendant seeks Seven Hundred Ten Dollars and 10/100 ($710.10) in court reporter fees and deposition transcripts costs. In support, defendant submitted an invoice from Kay McGovern & Associates for the deposition of Onyedika C. Nwaebube. This invoice includes charges for the court reporter's appearance fee, the deposition transcript, E-Transcript, exhibit

copies, and postage. Title 28 U.S.C. §1920(2) allows for the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. Plaintiff contends that the costs associated with the E-Transcript and copies of the deposition exhibits are not taxable [D.E. 92]. Plaintiff's objections are sustained. See 28 U.S.C. § 1920(2); Local Civil Rule 54.1(c)(1)(a). In addition, the postage fees included in the court reporter's invoice are not taxable costs. Id. Therefore, defendant is awarded Six Hundred Seventeen Dollars and 10/100 (617.10) in deposition and transcript costs.

Defendant also asks for fees and printing disbursements in the amount of Ninety Five Dollars and 04/100 ($95.04). Fees for exemplification and copies of papers necessarily obtained for use in the case are taxable under 28 U.S.C. §1920(4). Plaintiff does not contest this request. Therefore, defendant's request for fees and disbursements for printing in the amount of Ninety Five Dollars and 04/100 ($95.04) is allowed.

Defendant requests One Hundred Seventy Dollars and 85/100 ($170.85) as costs for witness and mileage fees paid to Larry E. Cuthbertson. According to defendant, Mr. Cuthbertson traveled from Raleigh to Wilmington to testify as a witness during the trial on October 6, 2011. Pursuant to 28 U.S.C. §1821(b), a witness may be paid a statutory fee of Forty Dollars ($40.00) per day for each day's attendance. Further, under 28 U.S.C. §1821(c)(2), a witness shall be paid a travel allowance. Defendant adequately demonstrated the mileage for the trip and the applicable reimbursement rate, and plaintiff offers no opposition. Therefore, defendant is awarded costs in the amount of One Hundred Seventy Dollars and 85/100 ($170.85) in witness and mileage fees for Larry E. Cuthbertson.

Finally, pursuant to 28 U.S.C. § 1923(a), defendant seeks Five Dollars ($5.00) in docket fees

and costs for defendant's memorandum in support of defendant's motion for summary judgment [D.E. 23] and Twenty Dollars ($20.00) in similar costs for its trial brief [D.E. 67]. In the absence of an objection from plaintiff, costs in the total amount of Twenty Five Dollars ($25.00) are allowed under 28 U.S.C. 1923(a).

In summary, defendant is the prevailing party in this action and is entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff's objections to defendant's bill of costs are sustained [D.E. 92], thereby reducing defendant's taxable costs by Eighty-Seven Dollars ($87.00). In addition, the Six Dollars ($6.00) in postage fees for plaintiff's deposition transcript are not taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1(c)(1)(a). Defendant's remaining costs in the total amount of One Thousand Two Hundred Fifty Seven Dollars and 99/100 ($1,257.99) are allowed and taxed against plaintiff Onyedika C. Nwaebube. All other requests for costs not referenced in this order are denied.

SO ORDERED. This 21st day of August 2012.

_____
Julie A. Richards, Clerk of Court